*E-Filed: September 30, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEANNE M. O'BRIEN,<br><br>      Plaintiff,<br>  v.<br><br>CAROLYN W. COLVIN[1],<br>Acting Commissioner of Social Security,<br><br>      Defendant.<br>_____/ | No. C12-01455 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 11, 14]** |

In this Social Security action, plaintiff Jeanne O'Brien ("Plaintiff") appeals a final decision by the Commissioner of Social Security Administration ("Defendant") denying her applications for Disability Insurance Benefits and Supplemental Security Income pursuant to the Social Security Act. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the moving papers, and for the reasons set forth below, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff was 40 years old when the Administrative Law Judge ("ALJ") rendered the decision under review in this action. Administrative Record ("AR") 18. Her prior work experience includes work as a long distance operator, manager/retailer, waitress, taxi driver, plumber and truck driver. AR 18. She also served in the military for three years, including seven and a half months as a truck driver in Afghanistan. She claims disability as a result of Post-Traumatic Stress Disorder ("PTSD") and depression. Plaintiff's Motion for Summary Judgment ("PMSJ") 3. Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income, claiming to be disabled as of October 31, 2007. AR 111. Plaintiff's claim was denied initially and upon reconsideration. AR 9. She filed a request for hearing before an ALJ, and the ALJ conducted a hearing, at which Plaintiff was represented by counsel. *Id.*

In a decision dated July 25, 2011, the ALJ found that the Plaintiff had not been under a disability within the meaning of the Social Security Act ("the Act") from October 31, 2007 through the date of the decision. AR 10. The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. AR 10-11; *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416-920(a).

At step one, the ALJ found that O'Brien had not engaged in substantial gainful activity since October 31, 2007. AR 11. At step two, she found that plaintiff had the following medically determinable severe impairments: PTSD with dysthymia and adjustment disorder; fibromyalgia with mild arthritis and minor left greater than right neuropathy of the elbows without nerve root entrapment; and chronic knee and back pain by history. AR 11-12. She further found that several of plaintiff's claimed impairments were only considered non-severe: headaches, urinary incontinence, tinnitus/ear complaints, glaucoma/eye complaints, and status post diagnosis of mild traumatic brain injury. AR 12. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15. Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a significant, if less than full range of sedentary work. AR 31. Specifically, she may lift and carry up to 10 lbs. occasionally

1 and 5 lbs. frequently, sit for at least 6 hours total, stand and walk for at least 2 hours, with usual breaks, in an indoor setting with air conditioning. Furthermore, the ALJ found her capable of understanding, remembering, and carrying out work involving simple repetitive tasks. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. However, at step five, the ALJ found that Plaintiff was capable of working as a surveillance monitor. AR 19. Therefore, the ALJ found that she was not disabled. *Id.*

The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. 405(g), this court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; see also *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

## III. DISCUSSION

Plaintiff's physical impairments are not at issue, as Plaintiff only asserts that her diagnoses of PTSD and depression amount to a disability and that the ALJ erred in finding otherwise. Specifically, Plaintiff contends that the ALJ's decision should not be affirmed because (1) the ALJ gave insufficient weight to the joint opinion of Plaintiff's social worker, Maureen Brinkerhoff, and her treating physician, Dr. Katherine Yoon; and (2) the ALJ relied on the testimony of medical expert Dr. John Simonds, who misunderstood the record of Plaintiff's PTSD. Plaintiff requests

1  summary judgment for the plaintiff or, in the alternative, remand for further deliberation.  Defendant
2  asserts that the ALJ supported her findings by substantial evidence, gave appropriate weight to all
3  evidence in the record, and properly assessed plaintiff's limitations.

4  **A.  Medical Source Statement**

5  Plaintiff argues that the ALJ incorrectly attributed a Medical Source Statement (MSS) solely
6  to Maureen Brinkerhoff, Plaintiff's social worker, when it was in fact cosigned by Katherine Yoon,
7  Plaintiff's treating physician, thereby failing to give it the proper weight owed to a treating
8  physician's opinion.

9  First, it is unclear whether the MSS prepared by Brinkhoff should even be attributed to Dr.
10  Yoon.  While Plaintiff asserts that the MSS was "co-signed" by Dr. Yoon, Defendant correctly
11  points out that Dr. Yoon merely initialed the response to question six of the MSS which detailed
12  Plaintiff's current medication and side effects.  AR 966.  Dr. Yoon did not "co-sign" with
13  Brinkerhoff the certification at the end of the MSS, which would be expected if Dr. Yoon was
14  ratifying the entire statement.  *See* AR 969.  Nevertheless, this Court will proceed with its analysis
15  on the assumption that the MSS should be accorded the weight owed to a treating physician.

16  The opinion of a treating physician generally is given more deference than the opinion of
17  non-treating physician because a treating physician is deemed likely to be the medical professional
18  most able to provide a detailed, longitudinal picture of the claimant's impairment.  20 C.F.R. §
19  416.927(d)(2).  A treating physician's opinion, however, is not binding on an ALJ with respect to
20  the existence of an impairment or the ultimate determination of disability.  *Thomas v. Barnhart*, 278
21  F.3d 947, 956 (9th Cir. 2002) (citing *Morgan*, 169 F.3d at 600).  Indeed, the determination as to
22  whether an individual is disabled is reserved specifically to the Social Security Administration.  20
23  C.F.R. § 416.927(e).  If the treating physician's opinion is controverted, the ALJ may reject that
24  opinion only by making "'findings setting forth specific, legitimate reasons for doing so that are
25  based on substantial evidence in the record.'" *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)
26  (quoting *Magallanes*, 881 F.2d at 751).  "The ALJ can 'meet this burden by setting out a detailed
27  and thorough summary of the facts and conflicting clinical evidence, stating his interpretation
28  thereof, and making findings.'"  *Id*.  "The ALJ must do more than offer his own conclusions.  He

must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Regennitter v. Comm'r of the Soc. Security Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (quoting *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

The MSS dated March 9, 2011 diagnosed the Plaintiff with PTSD and depression with, among others, the following symptoms: poor short term memory; nightmares; difficulty thinking or concentrating; suicidal ideation or attempts; social withdrawal or isolation; decreased energy; intrusive recollections of a traumatic experience; persistent irrational fears; generalized persistent anxiety; hostility and irritability. AR 965-66. As a result, the MSS expressed the opinion that Plaintiff would be absent from work more than three times per month. AR 966. Furthermore, the MSS characterized Plaintiff's loss of ability to perform most activities related to ability to understand, remember and carry out instructions as "marked" or "extreme." AR 967. "Marked loss" is defined as "substantial loss of ability in the named activity; can sustain performance only up to 1/3 of an 8-hour work day." AR 966. "Extreme loss" is defined as "complete loss of ability in the named activity; cannot sustain performance during an 8-hour workday."[2] AR 967. For example, the MSS reported Plaintiff's ability to "understand and remember very short, simple instructions" was designated as "extreme." *Id.* Similarly, the MSS indicated a "marked" or "extreme" loss of ability to perform most activities related to Plaintiff's ability to respond appropriately to supervision, coworkers and work pressure in a work-setting. AR 967-68.

However, the comprehensive psychiatric evaluation performed on June 5, 2010 by Dr. Scaramozzino made a different assessment. AR 466-453. Dr. Scaramozzino concluded that Plaintiff's "ability to understand and remember detailed instructions is not significantly impaired"; "ability to maintain concentration and attention is not significantly impaired"; "ability to accept instructions from a supervisor is moderately impaired"; "ability to complete a normal workday and workweek without interruptions at a consistent pace is moderately impaired." Whereas the MSS indicated mostly extreme and marked loss of abilities, Dr. Scaramozzino's report indicated no significant impairment or moderate impairment for similar activities.

---

[2] The scale also includes "no/mild" and "moderate" loss of ability. Only one activity was checked "no/mild loss" and two activities as "moderate loss."

5

The mental residual functional capacity assessment performed by Dr. Loomis in July of 2010 was consistent with the findings of Dr. Scaramozzino. Dr. Loomis concluded that Plaintiff's abilities for activities related to understanding and memory, sustained concentration and persistence, social interaction, and adaptation were either "not significantly limited" or "moderately limited." There were no findings of "markedly limited" or "extremely limited" abilities.

In addition to the reports by Drs. Scaramozzino and Loomis, the ALJ relied on the oral testimony of medical expert Dr. Simonds who based his opinion on the Plaintiff's medical record rather than on direct evaluation of the Plaintiff. AR 55. Dr. Simonds concluded that Plaintiff could perform work if limited to sedentary work in an environment with air conditioning involving simple repetitive tasks of unskilled work requiring no more than frequent repetitive use of the hands. AR 59-60.

Thus, the opinion expressed in the MSS was not uncontroverted and accordingly was not entitled to controlling weight. The ALJ concluded that Brinkerhoff's MSS was "worthy of only minimal weight because [it is] markedly contradicted by the claimant's strenuous daily activity, collegiate, and social activities, as well as by the absence of genuine medical signs and laboratory findings to support such marked and extreme assessments and limitations." AR 18. The ALJ rejected the findings of the MSS and supported her position with specific examples to the record:

> Instead of the inability to enjoy herself at BBQ's with 60 people, attend college fulltime, engage in archery contests, and every Thursday have movie and game nights with friends, the claimant is portrayed as a woman who is seriously mentally ill and risks repeated episodes of decompensation and deterioration due to severe PTSD symptoms if she ventures out in public (Ex. 12-F.) Yet, treatment notes describe the claimant's PTSD condition as "stable" as early as March 2010 (Exh. 2-F, p. 43), and "resolving" according to June 5, 2010 C.E. (Exh. 5-F).

AR 13.

The ALJ did not give little weight to the MSS merely because it was prepared by a "non-physician" as Plaintiff contends. The Court finds that the ALJ set forth "specific, legitimate reasons" for giving little weight to the opinions expressed in the MSS, and these reasons are "based on substantial evidence in the record." *Lester*, 81 F.3d at 831.

**B. ALJ's Reliance on Testimony of Dr. Simonds**

6

Plaintiff also argues that the ALJ erred in relying on the testimony of the medical expert Dr. Simonds because he misinterpreted the severity of Plaintiff's PTSD as expressed in the medical record, and in turn, the ALJ misinterpreted it.  Specifically, Plaintiff argues that they misunderstood the characterizations of Plaintiff's PTSD as "stable" and "resolving" to mean that Plaintiff's PTSD was no longer a concern.  However, the ALJ's written decision does not reflect that she believed Plaintiff's PTSD was no longer a concern.  In fact, the ALJ specifically found that Plaintiff has "the medically determinable severe impairment[] of PTSD."  AR 11.  But the finding of the severe impairment of PTSD does not necessarily mean that one is disabled.  *See Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir. 1990) ("The mere diagnosis of impairment . . . is not sufficient to sustain finding of disability.")  The ALJ's use of doctors' characterizations of Plaintiff's PTSD symptoms as "stable" and "resolving" and her reliance thereon indicate that she found that Plaintiff did in fact suffer from PTSD, but that Plaintiff's symptoms were sufficiently mild or had improved to the point that Plaintiff was not disabled.  Accordingly, the Court finds that the ALJ did not err by misunderstanding the Plaintiff's extent of PTSD, and that the ALJ's finding that Plaintiff's PTSD did not amount to a disability is supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's giving little weight to the Medical Source Statement and understanding of the extent of Plaintiff's PTSD are supported by substantial evidence, and remand for further deliberation is not warranted.  Accordingly, IT IS ORDERED THAT Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

Dated: September 30, 2013

_____
EDWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C12-01455 HRL Order will be electronically mailed to:**

Cynthia B. De Nardi     cynthia.denardi@ssa.gov, lara.bradt@ssa.gov

Martin Trent Chandler     martinchandlerlaw@sbcglobal.net

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**